OPINION
This matter presents a timely appeal from a decision rendered by the Jefferson County Common Pleas Court, sentencing defendant-appellant, James Shock, to the maximum incarceration term allowed by law upon his guilty plea to one count of rape, in violation of R.C. 2907.02(A)(1)(b).
On or about November 9, 1996, appellant stayed with his friends, Bob and Mary Burch. On such night, appellant led the Burch's four year old daughter to his room and molested her. Appellant rubbed his penis against and licked her private parts. In addition, appellant stuck his finger into the child's private parts. On or about January 9, 1997, the Jefferson County Grand Jury indicted appellant on two counts of rape and one count of theft. In compliance with plea negotiations, appellant pled guilty to one count of rape and the remaining charges were dismissed. (Tr. 3). When the incident at bar occurred, appellant was on probation in Cuyahoga County for sex crimes committed against two young girls. (Tr. 4).
On February 27, 1997, a sentencing hearing was held and appellant received the maximum available sentence for the within offense, a definite incarceration term of ten years. On March 27, 1997, appellant appealed his sentence to this court. We vacated the sentence and remanded this matter to the trial court for resentencing. On September 3, 1999, the trial court held a subsequent sentencing hearing. Thereafter, appellant was again sentenced to the maximum incarceration permitted, a definite term of ten years. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM PROVIDED BY LAW IN CONTRAVENTION OF OHIO REVISED CODE SECTION 2929.14(B) AND (C)."
Appellant contends that in imposing the maximum penalty allowed by statute, the trial court failed to follow the requirements of R.C.2929.14(B) and R.C. 2929.14(C). Appellant pled guilty to one count of rape, a felony in the first degree. R.C. 2929.14(A)(1) states that an incarceration term for a first degree felony shall be three, four, five, six, seven, eight, nine or ten years.
Appellant argues that because he had not previously served an incarceration term, he was entitled to the shortest incarceration term available pursuant to R.C. 2929.14(C). In addition, appellant states that he has become a better person while serving his sentence during the appeal process and therefore, his actions are unlikely to recur.
R.C. 2929.14(B) and (C) provide:
 "(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
"(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added).
R.C. 2953.08(G)(1) provides that this court may increase, reduce or otherwise modify a felony sentence, or may vacate the sentence and remand the matter to the trial court for resentencing if this court finds clearly and convincingly that the record does not support the sentence or that the sentence is otherwise contrary to law.
While the case at bar was on appeal from the original sentence, this court remanded on the basis that the trial court did not state on the record why it deviated from the minimal sentence. This court stated it would not speculate as to why the trial court deviated from the minimal sentence given that the statute requires the trial court to state its reasons on the record precisely to avoid speculation.
During resentencing, the trial court stated on the record that appellant "committed the worst form of the offense considering the age of the victim." The trial court further took into consideration "the advantage that Defendant took of the victim and her parent's hospitality." The trial court also noted that appellant was "likely to engage in the future in one or more sexually oriented offenses." In addition, the trial court found that "the shortest prison possible will demean the seriousness of the offense and will not adequately protect the public and he (sic) Court therefore imposes a greater term."
The trial court determined that because the victim was only four years old and the daughter of appellant's friends with whom appellant lived, this was the worst form of the offense. Additionally, the trial court believed that because appellant was on probation for previous sex crimes against young girls and admitted to the court that he was a sexual predator, appellant posed the greatest likelihood of recidivism and was likely to commit future crime. These factors taken together made appellant likely to engage in one or more sexually oriented offenses in the future.
This court previously remanded this case because the trial court did not specify on the record why it deviated from the minimum sentence. After the resentencing hearing, the trial court did, in fact, specifically state why it deviated from the minimum sentence. The record clearly supports the trial court's decision to sentence appellant to the maximum incarceration term allowed by law.
Accordingly, appellant's sole assignment of error is found to be without merit.
The decision of the trial court is affirmed.
Donofrio, J., concurs. Vukovich, J., concurs.